UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ABDUKAKHOR OTAZHONOV,

                          Plaintiff,

                                                          **MEMORANDUM & ORDER**
              -against-                                    23-CV-3866 (PKC) (PK)

MTA and JOHN DOE,

                          Defendants.
------------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

On May 19, 2023, the Court received the instant *pro se* complaint from plaintiff Abdukakhor Otazhonov.  (Dkt 1.)  For the reasons discussed below, Plaintiff's complaint is dismissed, and his *in forma pauperis* ("IFP") filing is found to be deficient.  However, Plaintiff is granted thirty days from the date of this Order to file a sufficient IFP application or pay the $402 filing fee, as well as file an amended complaint that sufficiently alleges subject-matter jurisdiction.

## STANDARD OF REVIEW

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).  A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

1

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte,* if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–364 (2d Cir. 2000).  Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte.  See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").  If a court lacks subject matter jurisdiction, it must dismiss the action.  Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont,* 565 F.3d 56, 62–63 (2d Cir. 2009).

## DISCUSSION

Plaintiff alleges that he was driving a vehicle near the eastbound entrance to the Lincoln Tunnel on July 27, 2022 when he was hit by a bus operated by the Metropolitan Transportation Authority ("MTA").  (Dkt. 1 at ECF[1] 5, 12.)  He states that he has tried to resolve the issue by filing a complaint with the MTA and received a case number in November 2022.  (*Id.* at 12.) Plaintiff checks the box on the *pro se* form complaint to assert a federal question, but he does not identify what "federal question" is presented in order to assert jurisdiction under 28 U.S.C. § 1331. (*Id.* at ECF 4, 19.)

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

### I.      Plaintiff Does Not Allege Federal Subject Matter Jurisdiction

Federal subject matter jurisdiction is available only when a "federal question" is presented,

28 U.S.C. § 1331, or when plaintiff and defendants have complete diversity of citizenship and the

amount in controversy exceeds $75,000, 28 U.S.C. § 1332.  "A plaintiff seeking to bring a lawsuit

in federal court must establish that the court has subject matter jurisdiction over the action.  If the

court determines at any time that it lack subject matter jurisdiction, it must dismiss the action."

*Mittal v. Absar*, 416 F. Supp. 3d 149, 150–51 (E.D.N.Y. 2017).

Here, Plaintiff's complaint alleges claims related to a motor vehicle accident that may have

occurred in either New York or New Jersey.  Although the Complaint refers to "the U.S. Civil

Statute under which [Plaintiff is] filing" (Dkt. 1, at ECF 19), that statute is never identified; indeed,

Plaintiff's claim does not appear to implicate federal laws.  Further, as a resident of New York

State, Plaintiff cannot and does not allege diversity jurisdiction against the MTA (and seeks only

"around $5,000" in damages in the claim he filed to the MTA, which he attaches to his Complaint).

(Dkt. 1, at ECF 17.)  *See Banah v. NYC MTA*, No. 20-CV-10354 (CM), (S.D.N.Y. Dec. 23, 2020)

(Dkt. 4, at 3) (the MTA is located in the Southern and Eastern Districts of New York).

As his case does not arise under federal laws, there is no subject matter jurisdiction, and

the Court must dismiss the case.  Fed. R. Civ. P. 12 (h)(3).

### II.     IFP Is Insufficiently Pled

Under 28 U.S.C. § 1914, the filing fee plaintiffs must pay to commence a civil action is

$350 plus an administrative fee of $52, for a total of $402.  Under 28 U.S.C. § 1915, the Court

may waive the filing fee upon finding a plaintiff indigent.  The statute is "intended for the benefit

of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335

U.S. 331, 344 (1948).  A plaintiff seeking to proceed IFP must submit an affidavit stating "that the

person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses.  28 U.S.C. § 1915(a)(1).  A litigant qualifies to proceed IFP if he "cannot because of his poverty pay or give security for" the costs of filing "and still be able to provide himself and dependents with the necessities of life."  *Adkins*, 335 U.S. at 339.  A court may dismiss a case that has been filed IFP if the court determines that the plaintiff's "allegation of poverty is untrue."  28 U.S.C. § 1915(e)(2)(A).  The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court.  *Chowdhury v. Sadovnik*, No. 17-CV-2613 (PKC), 2017 WL 4083157, at *1 (E.D.N.Y. Sept. 14, 2017) (collecting cases).

Plaintiff did not pay the filing fee to commence this action.  He did file a request to proceed IFP, but his supporting affidavit does not contain enough information for the Court to determine whether Plaintiff is indigent and unable to pay the filing fee.  (Dkt. 2.)  Despite indicating in his IFP application that he is employed as an Uber driver and has no other source of income, he does not state his income.  (Dkt. 2 at 1.)  All other questions in the form are left blank, including spaces to provide information about assets, expenses, and debts.  Based on this minimal information, the Court is unable to find that Plaintiff is entitled to proceed IFP.

Should Plaintiff wish to proceed with this lawsuit, he must either file an amended IFP application[2] or pay the $402 filing fee to the Clerk of Court of the Eastern District of New York within 14 days from the date of this Order.  If Plaintiff fails either to submit a completed application to proceed IFP or to remit the filing fee within the time allowed, the action shall be dismissed

---

[2] A fillable IFP form is also available at https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or.  Plaintiff must submit a separate IFP for each civil action.

without prejudice. *See Reese v. Quay*, No. 18-CV-71 (KAM), 2018 WL 4288636 (E.D.N.Y. Sept. 7, 2018) (dismissing for failure to comply with court order to file a completed IFP request).

## LEAVE TO AMEND

In deference to Plaintiff's *pro se* status, the Court will permit him to file an amended complaint within 30 days from the date of entry of this Order. Plaintiff is advised that the amended complaint will supersede his initial complaint and become the operative complaint in this action. As such, the amended complaint must: (1) be clearly labeled as Plaintiff's amended complaint; (2) clearly identify all Defendants against whom Plaintiff intends to assert claims; (3) allege clear, concise, plausible facts against each Defendant named; (4) identify a valid basis for the exercise of the Court's jurisdiction; and (5) provide dates and locations for all incidents alleged. However, as discussed below, if Plaintiff fails to file a sufficient IFP application or pay the $402 filing fee, this matter will be dismissed without any consideration of his amended complaint.

## CONCLUSION

Plaintiff's Complaint is dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff is afforded an opportunity to amend his Complaint in accordance with this Order. Plaintiff must also either file an amended IFP application or pay the $402 filing fee to the Clerk of Court of the Eastern District of New York within 30 days from the date of this Order. If he fails to do either, this case will be dismissed and the Court will not consider any amended complaint that he files. If Plaintiff does not file an amended complaint within 30 days from the date of this Order, judgment shall enter, and this case shall be closed. Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729, for free, limited-scope legal assistance.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to send a copy of this order to Plaintiff, along with a copy of the IFP application.

SO ORDERED.

        */s/Pamela  K. Chen*
PAMELA K. CHEN
United States District Judge

Dated:   June 15, 2023
        Brooklyn, New York